IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION

| | |
|---|---|
| MINAH INTERNATIONAL LTD. ) | |
| ) | |
| v. ) | Case No. 5:11-cv-00078-RLV DSC |
| ) | |
| 8011 ON THE BRIDGE, INC. and ) | |
| THOMAS J. PACCONI, JR. ) | |

## CONFIDENTIALITY ORDER

To preserve and maintain the confidentiality of documents which have been produced in this litigation, or which may be produced in the future by the parties and/or third parties, which documents may constitute or contain trade secrets and/or other confidential or proprietary information, and to preserve and maintain the confidentiality of information which may be disclosed, sought, or elicited in this litigation by way of discovery response, deposition testimony, or otherwise, which information may constitute or contain trade secrets and/or other confidential or proprietary information,

IT IS HEREBY AGREED AND ORDERED AS FOLLOWS:

I. <u>Scope and Terms.</u>

1. This Order shall apply to all Parties to this action, including Plaintiff, Minah International Ltd. and Defendants, 8011 On the Bridge, Inc. and Thomas J. Pacconi, Jr., as well as their officers, directors, agents, affiliated entities and representatives. It shall encompass all documents, materials, pleadings, data, information, testimony, statements, or evidence of any type or nature whatsoever ("Litigation Materials"), without regard to form, which is generated, produced, elicited, sought, or obtained, whether formally or informally, at any time during the course of this litigation, including but not limited to appeals.

2. As used in this Order, "Confidential Material" shall encompass any type of Litigation Materials, or any copies or portion thereof, designated as confidential,

the information itself contained in such materials, and any document or other item of any type which is derived from such materials, including but not limited to copies and reproductions, notes or summaries pertaining to the Confidential Material, pleadings discussing the material, testimony discussing the material, correspondence incorporating or discussing the materials, statements pertaining to the material, and exhibits.

3. A designation of any Litigation Material as "Confidential" shall constitute a representation by the producing party that it has a good faith belief that the material so designated contains non-public, confidential, proprietary or commercially sensitive information that requires the protection provided in this confidentiality agreement.

II. Designation of Confidential Material.

1. The parties may designate any Litigation Materials as confidential by placing or affixing thereon in such manner as will not interfere with the reasonable legibility of the materials the following notice, or an otherwise appropriate notice: "Confidential."

2. Only one copy of any Confidential Material shall be provided upon request to a party's designated attorney of record ("Designated Attorney"). All Confidential Material received by the Designated Attorney shall be controlled and properly secured by that attorney to prevent unauthorized access to, or reproduction of, the Confidential Material.

3. If a party disagrees with a designation of confidentiality, the party shall notify the producing party in writing. If the dispute cannot be resolved by agreement, the material designated as confidential shall remain confidential pending a ruling by this Court and the conclusion of any and all proceedings and appeals challenging such ruling. The party claiming confidentiality has the burden of proving the materials should be kept confidential.

III. <u>Use and Disclosure of Confidential Material.</u>

1. Confidential Material shall not be used by any party receiving it, including the party's attorney or other representatives and expert witnesses, for any purpose other than directly in the matter of *Minah International, Ltd. v. 8011 On the Bridge, Inc. and Thomas J. Pacconi, Jr.*, Case No. 5:11-cv-00078, pending in the United States District Court for the Western District of North Carolina.

2. Confidential Material shall be disclosed only to "Qualified Persons." Qualified Persons are limited to:

    (a) the parties;

    (b) counsel of record for the parties;

    (c) the non-technical and clerical staff employed by counsel of record;

    (d) the independent personnel retained by counsel of record to furnish technical or other expert services or advice or to give expert testimony;

    (e) court reporters and translators; and

    (f) the Court and its authorized staff.

3. Prior to the disclosure of Confidential Material to any Qualified Person described in subparagraph (d) of Paragraph 2 above, the Qualified Person shall sign a "Written Assurance" in the form of <u>Exhibit A</u>, attached hereto. The Designated Attorney will maintain all executed Written Assurance forms, and will provide them upon written request. However, a Written Assurance signed by a consulting expert who is not anticipated to testify at trial need not be provided unless and until the consulting expert is, in fact, designated as an expert to be called at trial or, if upon the conclusion of the case, the consulting expert fails to return the Confidential Material as required by this Order. Any person receiving Confidential Material shall maintain the Confidential Material in a protected and secure manner and restrict access at all times to Qualified Persons only. At the

conclusion of the case, all recipients of Confidential Material shall return it to the Designated Attorney who provided it.

4. If Confidential Material is utilized, elicited, discussed, or otherwise referred to during depositions, any party may request and require that only Qualified Persons, the deponent, and the reporter be present. A party shall, either at the deposition itself, or within thirty (30) days after receipt of the deposition transcript, notify all other parties and the deponent on the record or in writing that the testimony or information is confidential and shall designate the transcript or the portions of the transcript, including exhibits, for which such claim is made. The deposition transcripts or portions of the transcripts so designated are considered "Confidential Material" under this order. In the case of expert witnesses, notice to the party retaining the expert shall constitute notice to the expert; the retaining party shall be responsible for informing the expert of the designations.

5. Confidential Material may be referred to or incorporated in briefs, affidavits, or other documents filed with this Court, provided that such documents are filed with the Clerk of Court under seal. This Court finds that materials designated as "Confidential" under this Order shall be deemed to comply with the requirements of Western District of North Carolina Local Rule 6.1 and the Parties need not file a separate motion for such documents to be filed under seal.

6. Nothing in this agreement is intended to have any effect on trial. To the extent necessary, the parties may make a pre-trial motion to the Court regarding the handling of Confidential Material at trial.

7. All documents containing Confidential Material produced by the parties shall be appropriately numbered by the producing party for identification and future reference.

8. If information subject to a claim of attorney-client privilege, attorney work product or any other ground for which production of such information should not

be made is nevertheless produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege, work product or other ground for withholding production to which the producing party would otherwise be entitled. Upon written request by the producing party, the party or person receiving such documents will promptly return the original and all copies of the documents identified in the producing party's return request. With respect to electronic documents and electronic copies, the party or person receiving such documents will promptly delete all electronic copies of such documents and confirm in writing that such electronic copies have been deleted.

9. Any additional party that might subsequently join or intervene in this litigation shall not have access to Confidential Material until that party, by its attorney, has executed and is fully bound by this agreement and order.

IV. Return of Confidential Materials

1. This Order shall survive the termination of this action. All Confidential Material shall retain that designation and shall remain subject to this Order until such time, if ever, as the Court renders a decision that any challenged material shall not be covered by the terms of this Order and any and all proceedings and appeals challenging such decision are concluded.

2. Within thirty (30) days of the final termination of this action, all Confidential Material, all copies thereof, and each document and all copies thereof which incorporates or references, in whole or in part, any Confidential Material, shall be destroy or returned to counsel for the producing party. This obligation does not apply to work-product created by or for counsel for the parties. The Designated Attorney is responsible for insuring that any electronic version of any Confidential Material is erased from all locations, including but not limited to databases, hard drives, e-mail accounts, servers (including all networked servers) and personal computers.

SO ORDERED, this 9 day of April, 2012.

                                                                                                        Magistrate Judge David S. Cayer

We consent to the within and foregoing Order:

| /s/ Jason Eakes | /s/ William H. McMillan |
|---|---|
| Seslee S. Mattson | William H. McMillan |
| North Carolina Bar No. 23559 | North Carolina Bar No. 5089 |
| Holly A. Pierson | Larissa J. Erkman |
| Georgia Bar No. 579655 | North Carolina Bar No. 19095 |
| Jason Eakes | Pope, McMillan, Kutteh, Edwards, Scheck |
| Georgia Bar No. 237048 |   & Taylor, P.A. |
| Tingkang "Tim" Xia | 113 North Center Street, Suite 200 |
| Georgia Bar No. 779609 | Statesville, North Carolina 28677 |
| Morris, Manning & Martin LLP | Phone: (704) 873-2131 |
| 3343 Peachtree Road, N.E., Suite 1600 | Fax: (704) 872-7629 |
| Atlanta, Georgia 30326 | |
| Phone: (404) 233-7000 | *Attorneys for 8011 On the Bridge, Inc. and* |
| Fax: (404) 365-9532 |   *Thomas J. Pacconi, Jr.* |

*Attorneys for Minah International, Ltd.*

6174843 v02

| | |
|---|---|
| MINAH INTERNATIONAL LTD. | ) |
| | ) |
| v. | ) Case No. 5:11-cv-00078-RLV DSC |
| | ) |
| 8011 ON THE BRIDGE, INC. and | ) |
| THOMAS J. PACCONI, JR. | ) |

## EXHIBIT "A" - WRITTEN ASSURANCE

STATE OF _____ )

COUNTY OF _____ )

I, _____, individually and on behalf of my agents and employers, hereby attest to my understanding that information or documents designated confidential are provided to me pursuant to the terms, conditions and restrictions of the Confidentiality Order entered in the above matter, that I have been given a copy of and have read that Order and have had its meaning and effect explained to me, and that I hereby agree to be bound by the Order and its terms. I further agree that I shall not disclose to others, except in accordance with the Order, such information or documents including notes or other memoranda or writings regarding information contained in them, and that such information or documents shall be used only for the purposes of the legal proceeding referenced above. I further agree and attest to my understanding that my obligation to honor the confidentiality of such information or documents will continue even after the termination of that legal proceeding. I also understand that there may be statutes and/or common law principles respecting trade secrets that may apply independently of the provisions of the Order entered in this matter, and that such principles may include criminal sanctions for dissemination of trade secret information. I further agree that at the conclusion of the above matter I will promptly return to the party from whom I received them

6174843 v02

any and all information and documents designated confidential, including all copies, electronic or otherwise, of such information and documents, together with any notes or other memoranda or writings regarding such information or documents and a certification by me that I have at all times abided by the terms of the Order entered in this matter. To the extent I have been unable to return electronic copies of Confidential Material, I hereby agree to erase all such electronic copies, in whatever format and wherever such electronic copies are stored.

I further agree and attest to my understanding that, in the event that I fail to abide by the terms of the Order, I may be subject to sanctions, including sanctions by way of contempt of court, imposed by the Court for such a failure. Further, I agree to subject myself to the jurisdiction of the court in the above matter, in and for any contempt proceedings or other appropriate sanctions as the Court may deem proper for a violation of the Court's Order.

_____

Subscribed and sworn to before me
this _____ day _____, of 201___.

_____
Notary Public

6174843 v02