IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL ACTION NO. 5:11-CV-0078-RLV-DSC

| | |
|---|---|
| MINAH INTERNATIONAL LTD., ) <br> ) <br> **Plaintiffs,** ) <br> ) <br> v. ) <br> ) <br> 8011 ON THE BRIDGE, INC. AND ) <br> THOMAS J. PACCONI, JR.., ) <br> ) <br> **Defendants.** ) <br> ) | **ORDER** |

**DEFAULT JUDGMENT**

**THIS MATTER** is before the Court on Minah International Ltd.'s ("Minah") Motion for Default Judgment against Defendants 8011 On The Bridge, Inc. and Thomas J. Pacconi, Jr. (collectively "Defendants").

**I.     BACKGROUND**

This case was settled and documented in April 2013. (Docs. 39, 40). This case has been **STAYED** since that time pending Defendants' payment to Plaintiff of twelve monthly installments according to the terms of the Consent Order. (Doc. 40, ¶ 1). The terms provided that the installments would equal the Settlement amount of Twenty Thousand U.S. dollars ($20,000), "plus accrued interest from April 1, 2013, at the rate of four percent (4%) per annum." (Doc. 40, ¶ 1). The final installment should have been paid by Defendants on April 1, 2014. (Doc. 40, ¶ 1). After April 1, 2014, the Court inquired whether the payments were made as scheduled. (Doc. 42). The parties responded that "Plaintiff's counsel sent Defendants a Notice of Breach and Demand for Payment because no monthly installments had been made." (Doc.

1

43). On August 5, 2014, Minah made a Motion for Default Judgment because no payments had been made, seeking $20,000 and $1,066.67 in accrued interest. (Doc. 44).

## II. STANDARD OF REVIEW

Consent judgments and decrees are "be construed for enforcement purposes basically as a contract." *United States v. ITT Cont. Baking Co.*, 420 U.S. 223, 238 (1975). "Once entered, a consent decree may be enforced." *Frew ex rel. Frew v. Hawkins*, 540 U.S. 431, 441 (2004).

Here, paragraph 3 of the Consent Order provided that (1) "[i]f Defendants fail to pay any amount due pursuant to this Consent Order, Minah may give a written notice of such default by delivering such notice to Federal Express for prepaid overnight delivery to" Thomas J. Pacconi, Jr. and William, H. McMillan, Esq; and (2) "if Defendants fail to cure such default within fifteen (15) days after such notice is provided, Minah may move the Court for a default judgment with an affidavit stating the facts underlying the uncured default and stating the amounts [that] have been received by Minah under this Consent Order, and the dates of such receipt, prior to such uncured default." After Minah moved for default judgment and served the respective parties, Defendants had ten days to file objections. No objections have been filed and Defendants have properly been served. (Doc. 44; Doc. 44-1, ¶ 7).

The Consent Order provides that

> If Defendants do not timely file an objection to the entry of a default judgment to the extent permissible under this Consent Order . . . a final judgment shall issue against Defendants, jointly and severally, in the amount of Twenty Thousand U.S. dollars ($20,000) plus accrued interest hereunder, as reduced by any payments actually received by Minah.

(Doc. 40, ¶ 3).

Plaintiff's affidavit establishes that no payments have been made pursuant to the Consent Order. (Doc. 44-1, ¶ 6). Therefore, the Court shall enforce the terms of the Consent Order by

2

issuing a final judgment in the amount of Twenty Thousand U.S. dollars ($20,000) plus accrued interest at a rate of four percent (4%) per annum. (Doc. 40, ¶ 1).

**IT IS, THEREFORE, ORDERED** that Defendants, jointly and severally, are liable to Minah International Ltd. in the amount of Twenty Thousand U.S. dollars ($20,000) plus accrued interest in the amount of One Thousand One Hundred Fifty-Six U.S. dollars and Forty-Seven cents ($1,156.47).

Signed: September 10, 2014

Richard L. Voorhees
United States District Judge